Davis v. McHatton, 2026 NCBC 72.

STATE OF NORTH CAROLINA

JOHNSTON COUNTY

JAMES DAVIS,

Plaintiff,

v.

JONATHAN MCHATTON; J&J
FUNERAL SERVICES, LLC; and
J&J MONUMENT SALES, LLC,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
26CV002571-500

**ORDER AND OPINION
ON MOTION TO DISMISS**

*The Armstrong Law Firm, P.A., by L. Lamar Armstrong, Jr., for Plaintiff James Davis.*

*Parker Poe Adams & Bernstein LLP, by Corri Ann Hopkins and Hailey Klabo, for Defendant Jonathan McHatton.*

*No counsel has appeared for Defendants J&J Funeral Services, LLC and J&J Monument Sales, LLC.*

Conrad, Chief Judge.

1. This Court receives a steady diet of cases in which one member of an LLC claims that another has wrongfully usurped corporate control. This is such a case. James Davis and Jonathan McHatton are equal members and managers of J&J Funeral Services, LLC and J&J Monument Sales, LLC (both North Carolina LLCs). According to Davis, McHatton has taken complete, unilateral control of both companies and is using that control to enrich himself at Davis's expense. On that basis, Davis sued to dissolve the companies and to appoint a receiver to protect his rights. (*See, e.g.,* Compl. ¶¶ 2, 3, 5, 14, 15, 17–19, 21, 32, 39, 40, ECF No. 3.)

2.      McHatton's motion to dismiss the complaint in its entirety is now pending. (ECF No. 10.)  The motion is fully briefed, and an oral hearing would not aid the Court's decision.  *See* BCR 7.4 ("The Court may rule on a motion without a hearing.").

3.      Turning to Davis's dissolution claim, a member of an LLC may seek judicial dissolution either when "it is not practicable to conduct the LLC's business in conformance with the operating agreement and" governing statutes, N.C.G.S. § 57D-6-02(2)(i), or when "liquidation of the LLC is necessary to protect the rights and interests of the member," *id.* § 57D-6-02(2)(ii).  In the latter circumstance, "the court will not order dissolution if after the court's decision the LLC or one or more other members elect to purchase the ownership interest of the complaining member at its fair value in accordance with any procedures the court may provide."  *Id.* § 57D-6-03(d).  Davis is pursuing dissolution of J&J Funeral Services and J&J Monument Sales under both statutory subsections, as well as ancillary declaratory relief.

4.      McHatton moves to dismiss this claim on two grounds.  Neither has merit.

5.      McHatton argues, first, that Davis failed to allege facts adequate to show that it is not practicable to conduct the LLCs' business under the operating agreements and governing statutes, as required by section 57D-6-02(2)(i). The Court disagrees.  As alleged, Davis and McHatton have equal membership rights and managerial authority, but McHatton has excluded Davis from management. According to the complaint, McHatton has unilaterally changed the passwords for financial accounts, increased his own compensation, altered pricing for the

companies' services, and diverted the companies' assets and staff to other business ventures. Plus, McHatton allegedly uses company funds to pay for many of his personal expenses. (*See, e.g.*, Compl. ¶¶ 14, 18–21.) These allegations, which the Court must take as true, compare favorably with those held to be sufficient to state a claim for dissolution under section 57D-6-02(2)(i) in past cases. *See Highlights Healthcare, LLC v. Abell*, 2026 NCBC LEXIS 147, at *88–89 (N.C. Super. Ct. July 23, 2026) (collecting cases); *see also Sykes v. Health Network Sols., Inc.*, 372 N.C. 326, 332 (2019) (noting that courts must take well-pleaded allegations as true in connection with a motion to dismiss for failure to state a claim).

6. McHatton's second argument is nonsensical. He starts by representing that he would buy Davis's interests, as allowed by section 57D-6-03(d), to avoid a dissolution under section 57D-6-02(2)(ii). He then goes on to argue that his intention to buy Davis's interests deprives the Court of subject matter jurisdiction over the claim. This argument sorely misunderstands the statute. It will suffice to note that a purchase of Davis's interests must proceed "in accordance with any *procedures the court may provide*." N.C.G.S. § 57D-6-03(d) (emphasis added). Plainly, the Court has jurisdiction to "provide" the "procedures" for the purchase.

7. Accordingly, the Court denies the motion to dismiss the claim for judicial dissolution.

8. It follows that Davis's receivership claim survives as well. Trial courts have broad statutory and inherent authority to appoint a receiver in connection with an action to dissolve an LLC. This is particularly true where, as here, one member

alleges pervasive misconduct by another. *See, e.g.*, N.C.G.S. § 57D-6-04(a) (stating that a court "may appoint one or more persons to serve as a receiver to manage the business of the LLC pending the court's decision on dissolution and if dissolution is decreed by the court to wind up the LLC"); *Id.* § 1-507.24(a) ("A receiver may be appointed under this Article by the filing of a civil action by a creditor or other party in interest in which the sole relief requested is the appointment of a receiver or is combined with, or is ancillary to, a civil action that seeks . . . other relief."); *Lowder v. All Star Mills, Inc.*, 301 N.C. 561, 577 (1981) (noting that the appointment of a receiver is "a proper remedy in cases where there is fraud or gross misconduct in the management of the corporation").

9.      McHatton objects that Davis has not shown that he is likely to succeed on his claim for judicial dissolution and that it is rarely appropriate to appoint a receiver for solvent businesses like those at issue.  But these arguments are premature.  Davis has not yet moved to place J&J Funeral Services or J&J Monument Sales into receivership.  If he does, he will have to satisfy appropriate legal standards.  For now, it is enough to conclude that Davis's complaint meets threshold pleading requirements.  *See, e.g.*, *Elhulu v. Alshalabi*, 2021 NCBC LEXIS 95, at *9 (N.C. Super. Ct. Oct. 19, 2021) ("For now, the Court concludes only that Plaintiffs' allegations do not necessarily defeat or foreclose the appointment of a receiver.").

10.     For all these reasons, the Court **DENIES** McHatton's motion to dismiss.

**SO ORDERED**, this the 12th day of August, 2026.


         /s/ Adam M. Conrad
        Adam M. Conrad
        Chief Business Court Judge